Dickinson v. Owen.

## DICKINSON v. OWEN.

M, a married woman, had a sum of money left her by bequest during coverture; she and her husband joined in a power of attorney to O, authorizing him to demand and receipt for the money. O received the money under said power. Some time after the receipt of the money by O, the husband of M died. M brought suit against O for the money; O set up as a defense: 1. That the money was collected for the husband, and a settlement and discharge since his death with his administrator. 2. Money advanced, from time to time, to the husband during his lifetime, with the knowledge of M. *Held*, that the money was the separate property of M, and when O received it, he received it as the trustee of M, and that it could not be charged with money advanced to the husband, nor could the settlement with the administrator have any effect on M's rights.

When a bailee disclaims his relation to the bailor he cannot claim the right to require a demand for the money before interest is charged against him.

APPEAL from the District Court of the Thirteenth Judicial District, County of Mariposa.

The plaintiff was entitled to a sum of money from the estate of her brother, Charles Mills, who died in Louisiana, leaving a will; and she, in order to get the money due, in connection with her husband, then living, made a power of attorney to the defendant in 1852, authorizing him to collect it from the representative of Mills' estate in New Orleans. The defendant collected the money. After the death of the husband of plaintiff, she demanded the money of the defendant, who did not pay it over. The defendant put in an answer, in which he averred that the money was collected for the husband, O. M. Dickinson, and that after the husband's death, the defendant settled with and obtained a discharge from the administrator of the latter; and further averring " that long anterior to the death of O. M. Dickinson, he, defendant, had from time to time, and at divers times and places, paid and advanced to said O. M. Dickinson large amounts of money, to wit, about the sum of $2,500, and which said sums of money were paid to and within the knowledge of the said plaintiffs, as defendant verily believes, and were used in the support and maintenance of said O. M. Dickinson and the plaintiff."

This latter clause to the answer was demurred to, and the demurrer sustained. Defendant appealed.

*Shafters, Park and Heydenfeldt* for Appellant.

1. Owen was the agent of Dickinson alone in collecting the money, because a married woman cannot appoint an attorney.

Story on Agency, sec. 6, and authorities there cited.

The rule in this State is the common law upon that subject—it has not been altered by statutes.

In Rowe v. Kohle, 4 Cal. 285, this Court says: " We have repeatedly held that our statute does not change the rule of the common law upon the relation of husband and wife, except in the particular cases expressly provided by the statute, and that a *femme covert* cannot contract under the laws of this State so as to render her liable in a suit at law." See also, Simpers v. Sloan, 5 Cal. 457 ; Snyder v. Webb, 3 Cal. 83.

It follows that Owen was in no wise in privity with the plaintiff. The husband has this right to the custody and control of the wife's separate estate. Woods, Dig., p. 488, sec. 6.

Therefore he had the right to collect the money due to the plaintiff from the brother's estate, and this he effectually accomplished, through the defendant as his agent ; *Qui facit per alium, facit per se.* This made the defendant liable to the husband as his agent. The present case goes upon the idea of his liability to the plaintiff as her agent, whereas she was only entitled to seek redress out of the estate of the husband. The finding ought to have been for the defendant.

2. If the plaintiff was entitled to recover, she could not recover interest. The principal alone was her separate estate. The statute declares " the rents and profits of the separate estate of either husband or wife shall be deemed common property." Wood's Dig., p. 488, sec. 9.

3. If the point first taken is good, then it is evident the Court erred in sustaining the demurrer to the declaration, for if the defendant was only the agent of Dickinson (having no privity with plaintiff) then he had the right to settle with Dickinson or his adminstrator, and an allegation of such settlement was a good defense.

*John H. Saunders* for Respondent.

The only defenses really interposed by the original answer in the Court below were, *first*, limitations—which has been abandoned—and *second*, that after the death of the husband of plaintiff, defendant had a settlement with his administrator, involving the item of the wife's claim in this action.

Plaintiff's demurrer to the latter defense was sustained, and rightly, because there can be no pretense that the administrator of the husband (who, in respect of the separate estate of the wife, is a mere trustee during coverture) would be entitled to the custody of the estate as against the wife surviving.   During his life, it would have been his duty to keep the principal fund separate from his own, for the reason that it did not belong to him, and could not possibly be part of the general assets of his estate.   The use of it, in his own private affairs, in such a way as to destroy the identity of the fund, would have been conversion.   As long as it could be identified, she, being the owner, could during coverture, for improvidence of her husband, secure its preservation by the interposition of another trustee in the place of her husband.   Wood's Digest, p. 488, sec. 8.   And upon his demise, she, as the owner, would be entitled to its custody and control. See Wood's Digest, p. 488, sec. 6, providing for the management and control of the separate estate of the wife, by the husband, only during the continuance of the marriage.

Our system, derived from the Louisiana Code, and substantially the same, and in the particular we now consider, only differing from it in the husband and wife deriving, by inheritance from each other, *a part* of the separate estate, is very well illustrated upon this point by the case of Robin *et al, v.* Castille, 4 La. Rep., New Series, p. 187, in which the Court says: "When the wife dies during coverture, her heirs are seized of all the effects constituting her separate estate from the moment of her decease."

By the amended answer, the settlement with the administrator of the husband is reasserted, with the further defense that "long anterior to the death of the said O. M. Dickinson, he, the said defendant, had, from time to time, and at divers times and places, paid and advanced

to said O. M. Dickinson large amounts of money, to wit: about the sum of $2,500; and which said moneys were paid to, and within the knowledge of, said plaintiff, as defendant verily believes, and were used in the support and maintenance of said O. M. Dickinson and said plaintiff."

Plaintiff's demurrer to this defense was also sustained, and this is one of the alleged errors assigned by appellant, and the subject of the first point of his brief, because,

1st. Defendant, acting under a power from plaintiff and her husband, was the husband's agent, not hers, she being disabled by coverture from appointing an agent.

2d. The husband has the right to custody of wife's separate estate, and therefore, properly received the $2,500 from defendant.

All of this reasoning goes upon the hypothesis that defendant did, *in fact*, pay over the trust fund to the husband in his lifetime, and yet the amended answer indicates, indeed asserts in terms, that all dealings between defendant and the husband were in private account between them, and had not the least reference to the specific fund in question.

The relative position of the parties to this fund is this: Defendant, upon receipt of this fund, held it in trust to permit the husband to use, but not alienate or encumber it during coverture, and upon his demise or dissolution of coverture, to the use of the wife absolutely.

If the husband had received it during his life he would have been substituted in the same trusts, and the wife must have succeeded to the possession and control of the fund immediately upon his death. Not receiving it, the original trust necessarily remains, and the wife is, of course, entitled to its possession and use, and to its recovery, by an action for money had and received, or bill in equity.

The privity entitling the wife to this action, arises not out of a technical relation to a deed, but out of her absolute ownership of the fund which defendant has, and unjustly refuses to pay her. It is the elementary privity of trustee and *cestui que trust*, which the law creates whenever one man has received money or property properly applicable to the use of another, without regard to the manner of its acquisition. See 2 Story's Eq., sec. 1196.

Although the authorities cited by appellant, with many others, show that the wife cannot, during coverture, contract or render herself liable by the execution of a power, the same authorities show she may do what is necessary to possess herself of her separate estate. See Story on Agency, sec. 6.

*Second.* Appellants insist that even if plaintiff became entitled to receive from defendant the principal sum of $2,500, she has no right to the interest accured during the lifetime of the husband, he being entitled to that by our statute.

At common law, the husband had the personal privilege of entitling himself to his wife's choses in action, by reducing them into possession during the coverture. If he did not reduce them into possession, the wife surviving him was entitled, and not his personal representatives. See Blackstone, book 2, ch. 24.

Our law preserves the ultimate ownership to the wife, and compensates the husband for his administration of the separate property of the wife by the profits. It exempts the principal from the common law marital right, which before embraced principal and profits, but subjects its produce to its exercise. And the husband has no more *vested estate* or interest now, in the current profits of the wife's estate not reduced by him to possession, than before our statute he had in the principal.

And this upon the principle of the case cited by appellants, (Rowe *v.* Kohle, 4 Cal. 285) " That our statute does not change the rule of common law upon the relation of husband and wife, except in the particular cases expressly provided by the statute, etc."

BALDWIN, J., after stating the facts, delivered the opinion of the Court—TERRY C. J., and FIELD J., concurring.

As the money was due the wife by bequest during the coverture, it was the separate property of the wife, (Wood's Digest, 487, art. 2,605) and this was, no doubt, known to the defendant; indeed, the face of the power very clearly indicates the facts. When he received the money, therefore, he received it as trustee of the wife. The title of the wife was in no way impaired by the mere mode which she adopted—through a power of attorney in which her husband joined—

to collect the fund.   The question does not arise as to the right of the husband to receive this money for the wife from the attorney ; for the defense does not pretend that he did so receive it.   We take the averment demurred to only to assert that the defendant had dealings with Dickinson, and had loaned or advanced him money ; but it is not charged when this was—whether before or after the receipt of this money ; nor that there was any *advance* — so to call it—of *this* money, or even on account of it.   It merely amounts to an attempt to set off against this claim of the wife a claim against the husband. It is immaterial what Dickinson did with the money advanced him, under the circumstances ; the wife's separate estate is not chargeable with it.

The property being that of the wife, of course no settlement with or discharge by the administrator of the deceased husband could have any effect upon her right.

The defendant having disclaimed the relation of bailee to the plaintiff, cannot claim the right of the bailee to require a demand for the money, before interest is charged against him.

Judgment affirmed.